UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV193-MU-02

| | |
|---|---|
| KENNETH LEE GARDNER,           )<br>                                )<br>    Petitioner,                 )<br>                                )<br>      v.                        )<br>                                )<br>THE UNITED STATES OF AMERICA; and )<br>THE UNITED STATES ATTORNEY for the )<br>  WESTERN DISTRICT OF NORTH CARO- )<br>  LINA,                         )<br>                                )<br>    Respondents.                )<br>_____) | O R D E R |

**THIS MATTER** is before the Court upon initial review of the Petitioner's petition for a Writ of Habeas Corpus, filed May 19, 2009. For the reasons stated herein, such Petition summarily will be denied.

Petitioner, a federal pretrial detainee, submitted this petition under 28 U.S.C. § 2241. Petitioner currently is awaiting trial before this Court on federal drug charges under 21 U.S.C. §§ 841, 843 and 846. See United States v. Gardner, No. 1:09CR23-5-T. The Indictment by which Petitioner was charged was filed approximately two months ago, on April 7, 2009, and that case is scheduled for a calendar call on July 6, 2009.

By the instant action, Petitioner asserts that he is entitled to habeas relief because, inter alia, his rights under the Federal

Rules of Criminal Procedure, under Berger v. United States, 388 U.S. 41 (1967), and under Brady v. Maryland, 373 U.S. 83 (1963) "are being trampled on by the U.S. Attorney and the court." Allegedly, the Government is denying Petitioenr access to various pieces of evidence, and the Government's investigatory practices are not being monitored. As a result, Petitioner is seeking a hearing during which his release is ordered. Notwithstanding Petitioner's beliefs to the contrary, however, the law is clear that "where habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal." Meyers v. Mukasey, 2009 WL 210715 (E.D.Va. Jan. 28 2009), slip op. at 1; quoting Moore v. United States, 875 F.Supp. 620, 624 (D.Neb. 1994).

Indeed, In re Williams, 306 Fed. App'x 818, 819 (4th Cir. Jan. 15, 2009), involved a petitioner who filed a § 2241 petition alleging that he illegally was arrested and was being detained unlawfully; that he was being denied access to the courts; and that his right to a speedy trial was being violated. Thus, Williams sought, among other relief, immediate release from custody. Id. at 819. However, the Williams Court reasoned that most constitutional rights exist to protect a criminal defendant from conviction -- not from the process of trial itself. Id. Therefore, since Williams'

custody was based upon his detention for trial, the "custody" requirement under § 2241 could not be met. Id. Moreover, since Williams could pursue his claims in the context of his criminal proceedings, his petition summarily was dismissed. Id. See also Fassler v. United States, 858 F.2d 1016, 1018-19 (5th Cir.1988) (holding defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145).

In the instant case, Petitioner has not identified any non-frivolous basis for pursuing habeas relief in advance of his trial. See Jones v. Perkins, 245 U.S. 390, 391-92 (1918); Alden v. Kellerman, 224 F. App'x 545, 547 (7th Cir.2007). Therefore, this petition for a Writ of Habeas Corpus will be denied and the action will be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant petition for a Writ of Habeas Corpus be **DISMISSED**.

**SO ORDERED.**

Signed: June 16, 2009

Graham C. Mullen
United States District Judge